IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT DALTON LOCKWOOD,<br>    Plaintiff,<br><br>v.<br><br>LORIE DAVIS, *Director*, TDCJ-CID,<br>    Defendant. | §<br>§<br>§<br>§   No. 3:20-cv-00937-N (BT)<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Robert Dalton Lockwood's *pro se* complaint. For the following reasons, the Court should dismiss the complaint under Fed. R. Civ. P. 41(b).

I.

Lockwood filed this complaint on April 16, 2020. He did not pay the filing fee or file a motion to proceed *in forma pauperis*. He also did not file his complaint on the proper form. On April 22, 2020, the Court mailed Lockwood a notice of deficiency and ordered him to cure the deficiencies within thirty days. Ord. (ECF No. 3). On May 4, 2020, the Court's order and notice of deficiency was returned as undeliverable. Lockwood has failed to provide the Court with any alternative address.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss

1

an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Lockwood did not pay the filing fee or file a motion to proceed *in forma pauperis*; nor did he file his complaint on the proper form. He also failed to provide the Court with a current address, so the Court is unable to communicate with him. This litigation cannot proceed until Lockwood provides the Court with his current address. Accordingly, the complaint should be dismissed for want of prosecution under Fed. R. Civ. P. 41(b). *Mathis v. Johnson*, 2019 WL 3880201, at *1 (N.D. Tex. July 30, 2019), *rec. adopted*, 2019 WL 3860070 (N.D. Tex. Aug. 16, 2019) (dismissing without prejudice *pro se* civil action where plaintiff failed to provide the court with his current address).

III.

For the foregoing reasons, the Court should dismiss the complaint without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed June 22, 2020.

                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).